IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CITY OF PRESCOTT,

                            Plaintiff,

    v.

LEO'S LANDING, INC.

                          Defendant.

OPINION and ORDER

24-cv-543-jdp

---

Defendant Leo's Landing, Inc. owns a marina at the confluence of the St. Croix and Mississippi Rivers in Prescott, Wisconsin. The City of Prescott asserts ownership of the waterbed on which the marina is located. The city demanded that Leo's Landing remove the marina, and, when it refused, sued Leo's Landing in state court to affirm its riparian rights. Leo's Landing removed to this court.

The question before the court is whether to remand this case to state court. Leo's Landing asserts that this court has federal question jurisdiction under 28 U.S.C. § 1331. The complaint appears to assert only a state-law riparian rights claim, but Leo's Landing contends that the state-law claim depends on federal laws governing navigable waters. But the federal issues Leo's Landing identifies are at most defenses to the city's state-law riparian rights claim; they are not necessarily raised by the plaintiff's riparian rights claim, nor do they preempt the city's riparian rights claim. The complaint does not raise a federal question, so the court will remand the case to state court for lack of jurisdiction.

BACKGROUND

The court draws the following facts from the complaint and the notice of removal. These facts are undisputed.

Defendant Leo's Landing owns and operates a marina at the confluence of the St. Croix and Mississippi rivers. The St. Croix and Mississippi rivers are federally regulated navigable waters. The part of the St. Croix River on which the marina sits is also a federally designated part of the Wild and Scenic Rivers System. In 1963, the Army Corps of Engineers issued a permit to Leo's Landing's predecessor to install a marina in the St. Croix River. Leo's Landing has owned the marina and the federal permit rights since 1986.

The City of Prescott owns the waterfront property adjacent to the marina. The city previously leased a portion of that land to Leo's Landing. In 2023, the city informed Leo's Landing that it would not extend the lease and demanded that Leo's Landing remove the marina from the water. Leo's Landing refused. When negotiations failed, the city filed this lawsuit in state court in Pierce County, Wisconsin, asking for a declaratory judgment that the city possesses riparian rights over the waterbed where the marina is located. Leo's Landing removed to this court, invoking federal question jurisdiction under 28 U.S.C. § 1331. The city moves to remand to state court.

ANALYSIS

This court has jurisdiction under 28 U.S.C. § 1331 over cases that "arise under" federal law, which generally requires that the complaint state on its face a federal cause of action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). The city's complaint appears to assert only a state-law claim of riparian rights. But Leo's Landing contends that the complaint

2

nevertheless presents federal issues, for two reasons: (1) the riparian rights claim includes embedded questions of federal law; and (2) the riparian rights claim is preempted by federal law. The court will address each contention in turn.

## A. Embedded federal question

In a small category of cases, federal question jurisdiction arises when a state-law claim depends on an embedded issue of federal law. *Sarauer v. Intl. Assn. of Machinists and Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 673 (7th Cir. 2020) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308 (2005) and citing *Gunn v. Minton*, 568 U.S. 251 (2013)). An embedded federal issue is (1) necessarily raised by the state-law claim, (2) actually disputed by the parties, (3) substantial, and (4) can be resolved in federal court without disrupting the federal-state balance of judicial responsibilities. In this case, the court need only consider the first element.

A federal issue is necessarily raised if it is an essential element of the plaintiff's state-law claim. *Fran. Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983). Leo's Landing identifies two federal issues, but neither is an essential element of the city's riparian rights claim. First, Leo's Landing says that it has a federal permit from the Army Corps of Engineers to operate the marina. The Rivers and Harbors Act requires such permits to build structures such as wharfs and piers in navigable waters. 33 U.S.C. § 403. But the permit has no bearing on the state-law property rights at issue in this case. The issuance of a permit under the Rivers and Harbors Act "does not convey a property right, nor authorize any injury to property or invasion of other rights." 33 C.F.R. § 320.4(g); *see also* 33 U.S.C. § 403. So resolving the city's riparian rights claim does not turn on an application of the Rivers and Harbors Act or Leo's Landing's federal permit.

Second, Leo's Landing says that the Wild and Scenic Rivers Act controls its right to operate its marina in the river. Leo's Landing argues that the marina is a "historic feature[] of the St. Croix River" that, pursuant to the statute, "must be administered in such a manner as to protect and enhance" the river's value. Dkt. 19, at 9 (citing 16 U.S.C. § 1281(a)). But any contention that the marina is protected under the Wild and Scenic Rivers Act is at most an affirmative defense to the city's claim, because it doesn't affect the core question of whether the city has riparian rights over the waterbed. Unlike an embedded federal question, a federal defense doesn't give rise to federal question jurisdiction. *Caterpillar Inc.*, 482 U.S at 392–93.

## B. Preemption

A federal preemption defense, like other types of defenses, does not generally give rise to federal question jurisdiction. *Fran. Tax Bd.*, 463 U.S. at 14. The exception is "complete preemption," where federal law displaces state law to such an extent that there is "no such thing as a state-law claim for violation of the right asserted." *Sarauer*, 966 F.3d at 669 (internal quotations omitted). Complete preemption applies only where Congress intended federal law to supply the exclusive cause of action for violations of a right. *See, e.g., Caterpillar, Inc.*, 482 U.S. at 393 (suits to enforce collective bargaining agreements); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67 (1987) (suits to enforce benefit rights under ERISA-governed plans).

Leo's Landing does not identify any federal law that completely preempts the city's riparian rights claim. Citing the Rivers and Harbors Act and the Wild and Scenic Rivers Act, Leo's Landing argues that Congress intended "uniformity" in the regulation of navigable waters and protected rivers. Dkt. 19, at 10. But, as discussed above, those statutes do not displace state-law property rights. Leo's Landing also cites 28 U.S.C. § 1333, which confers exclusive jurisdiction on federal courts over admiralty and maritime matters. But § 1333 is a

4

jurisdictional statute, not an independent cause of action that could displace state law. Leo's Landing does not rely on § 1333 as a basis for jurisdiction, nor could it, because a defendant cannot remove an admiralty case originally brought in state court if there is not an independent basis for federal jurisdiction. *See Brown v. Porter*, 149 F. Supp. 3d 963, 967–72 (N.D. Ill. 2016).

In sum, Leo's Landing fails to identify a federal cause of action in the complaint that would give rise to federal question jurisdiction. The court will remand this case to state court for lack of jurisdiction.

## ORDER

IT IS ORDERED that:

1. Plaintiff City of Prescott's motion to remand, Dkt. 12, is GRANTED.

2. Plaintiff's motion to expedite, Dkt. 26, is DENIED as moot.

3. The clerk of court is directed to REMAND this case to the Circuit Court for Pierce County.

Entered March 19, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge